IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENT BORGMAN, et. al.,<br><br>                Plaintiff(s),<br>   v.<br><br>INSPHERE INSURANCE, et. al.,<br><br>                Defendant(s). | CASE NO. 5:12-cv-06352 EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND; DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS AND STRIKE**<br><br>[Docket Item No(s). 11, 26, 27] |

In this employment dispute, presently before the court are three matters: (1) Defendants'[1] Motion to Dismiss and Strike portions of the original complaint filed by Plaintiffs Kent Borgman ("Borgman") and Deborah O'Connell ("O'Connell"); (2) Borgman's Motion to Remand this action to the state court from which it originated; and (3) O'Connell's Motion to Remand seeking the same relief. See Docket Item Nos. 11, 26, 27. Having carefully reviewed these matters, the court has determined the Motions to Remand are meritorious. Thus, they will be granted and the Motion to Dismiss and Strike will be denied as moot.

**I. BACKGROUND**

Although the parties appear to have a storied history, the instant matters require review of a limited amount of background information. On September 25, 2012, Borgman and O'Connell filed

---

[1] In this Order, "Defendants" refers to Insphere Insurance Solutions, Inc., Cornerstone America, UGA-Association Field Services (erroneously identified as United Group Association), The Mega Life and Health Insurance Company, and Healthmarkets Insurance Company.

1
CASE NO. 5:12-cv-06352 EJD
ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND; DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS AND STRIKE

a Complaint in Santa Clara County Superior Court (the "state court") asserting against Defendants and Jo Dee Taylor ("Taylor"): (1) violations of California Labor Code §§ 204, 226, 226.7, 432.5, 510, 2802, 16600, and 1668; (2) violation of California Business and Professions Code § 17200; (3) fraud in the inducement; (4) negligent misrepresentation; (5) conversion; and (6) accounting.

According to the Complaint, Defendants are in the business of selling insurance policies. Taylor is a Zone/Business Manager employed by Defendants and is alleged to be a resident of California. Borgman and O'Connell, who are also California residents, were also each employed by Defendants but allege they were misled about the details of their employment.

On December 14, 2012, Defendants removed the action to this court pursuant to 28 U.S.C. § 1441. See Docket Item No. 1. In the accompanying notice, Defendants claimed that Taylor was fraudulently joined as a defendant. Id. As such, Defendant's asserted federal jurisdiction based on diversity under 28 U.S.C. § 1332. Id.

Prior to removal, the state court issued an order on December 6, 2012, granting O'Connell's ex parte application to bifurcate her claims against Defendants from those asserted by Borgman and allowed O'Connell leave to file a First Amended Complaint ("FAC"). See Decl. of Lawrence A. Bohm, Docket Item No. 27, at Ex. B. To that end, the state court ordered that "[t]he original complaint will then be superseded only as to Plaintiff O'Connell." Id. O'Connell filed her FAC in state court on December 12, 2014 - two days before Defendant's filed the Notice of Removal. Id. at Ex. C. It seems, however, that service of the FAC on Defendants was not completed until sometime after the action was removed.

Once in federal court, Defendants filed the Motion to Dismiss on December 20, 2012. See Docket Item No. 11. The Motions to Remand followed on January 9, 2013. See Docket Item Nos. 26, 27.

## II. LEGAL STANDARD

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been

2
CASE NO. 5:12-cv-06352 EJD
ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND; DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS AND STRIKE

originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b); 1332(a).

On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

### III. DISCUSSION

Although Borgman and O'Connell seek the same result, their respective motions present distinct issues. As to her claims, O'Connell argues the existence of federal jurisdiction should be determined by construing her FAC rather than the original complaint because the FAC was filed in state court prior to removal. For his part, Borgman argues, based on the original complaint, that Taylor's presence as a validly named defendant - as opposed to a "sham" defendant - precludes the existence of complete diversity. Each motion is addressed separately below.

**A. O'Connell's Motion to Remand**

As noted, O'Connell seeks remand based on the FAC she filed in state court two days prior to removal, which she contends is the operative pleading for her claims. Defendants disagree that the FAC is effective because, while *filed* before removal, it was not *served* until after the removal was complete.

3
CASE NO. 5:12-cv-06352 EJD
ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND; DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS AND STRIKE

In support of their argument, Defendants rely on a reasonably-settled principle concerning amended pleadings. Indeed, "[a]n original complaint is only superseded . . . when the amended complaint is properly served, not when it is filed." Doe I v. Unocal Corp., 27 F. Supp. 2d 1174, 1180 (C.D. Cal. 1998). In other words, an amended complaint that is simply filed on the docket of a federal court action has little effect on the overall litigation until that amended complaint is also served on the defendant.[2]

This principle would seemingly control if federal procedural law applied to this action at the time O'Connell filed the FAC. But it did not. "As a general matter, state procedural rules govern state lawsuits until they are removed to federal court." Prazak v. Local 1 Int'l Union of Bricklayers, 233 F.3d 1149, 1152 (9th Cir. 2000) (citing Fed. R. Civ. P. 81(c)). "Removal is effected by the defendant taking three procedural steps: filing a notice of removal in the federal court, filing a copy of this notice in the state court, and giving prompt written notice to all adverse parties." Miller v. Aqua Glass, Inc., No. 07-3088-CL, 2008 U.S. Dist. LEXIS 55228, at *2-3, 2008 WL 2854125 (D. Or. July 21, 2008). Here, Defendants did not commence the removal process by filing the Notice of Removal until after O'Connell filed the FAC. Accordingly, the court must examine state procedural law to determine whether the FAC should now be considered.

California courts do not make the same distinction between the filing and service when it comes to amended pleadings. Thus, in California at least, an original complaint is superseded at the time the amended pleading is filed, not when it is served. State Comp. Ins. Fund v. Super. Ct., 184 Cal. App. 4th 1124, 1131 (2010) ("[T]he filing of an amended complaint moots a motion directed to a prior complaint."); Muns v. Super. Ct., 137 Cal. App. 2d 728, 732 (1955) ("After the filing of the amended pleading, the original complaint was no longer a pleading in the case use the date of filing . . . ."); Riskind v. Frank Meline Co., 124 Cal. App. 628, 633 (1932) ("It is well settled law that the

---

[2] While most district courts have agreed with the Doe court's conclusion, the Ninth Circuit has yet to comment directly on the issue of when an amended complaint supersedes its predecessor. Notably, at least one district court in this circuit has rejected Doe. See, e.g., United States ex rel. Goulooze v. Levit, No. CV 05-1011-PHX-JAT, 2006 U.S. Dist. LEXIS 77913, at *9 n.4 (D. Ariz. Oct. 24, 2006). It is for this reason the court describes the principle as "reasonably settled" rather than "well settled," as Defendants have described it in their opposition brief.

filing of an amended complaint supersedes the original pleading and requires no citation of authorities."). Applying that principle to this case means that the FAC, not the original complaint, is the operative pleading for O'Connell's claims and dictates whether the removal was appropriate.[3] Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985) ("When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action was removed to federal court . . . and should generally be determined from the face of the complaint."). That pleading, which on its face asserts a state-law cause of action against an individual defendant domiciled in California, demonstrates that complete diversity did not exist as to O'Connell's claims when the Notice of Removal was filed. Defendants do not argue otherwise, despite their burden to do so. Accordingly, O'Connell's Motion to Remand will be granted.

### B. Borgman's Motion to Remand

Like O'Connell's FAC, the original complaint does not support diversity jurisdiction on its face because Taylor is alleged to be domiciled in California. Defendants nonetheless argue that complete diversity exists because Taylor was fraudulently joined as a "sham defendant."

The Ninth Circuit has set forth standards regarding fraudulent joinder and removal. A defendant may remove a civil action that alleges claims against a non-diverse defendant when the plaintiff has no basis for suing that defendant. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is

---

[3] As Defendants point out, California law does not allow for two operative complaints in one case. See Ford v. Super. Ct., 34 Cal. App. 3d 338, 343 (1973) ("There is but one complaint in a civil action."). This is an important point because, at first glance, the state court's order allowing O'Connell to file a separate complaint severing her claims from Borgman's appears to be in violation of that rule. But it is equally true that "[a]fter removal, the federal court 'takes the case up where the State court left it off,'" (Granny Goose Foods, Inc. v. Bhd. of Teamsters Local 70, 415 U.S. 423 (1974) (quoting Duncan v. Gegan, 101 U.S. 810, 812 (1880))), and since this case was removed only eight days after the ex parte order issued, there was little opportunity for the state court to clarify its decision or to separate the complaints into two cases if that was its intent. It will be able to take some action on this issue when the case returns to its jurisdiction.

Nor is it necessary for this court to change anything for the purposes of this analysis because the ultimate result would not be effected. This litigation will be remanded whether it be as one case or two, based either on one complaint or two. Moreover, the district court is not the state court of appeal and is not reviewing prior orders for legal correctness within this jurisdictional inquiry.

fraudulent." Id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). In such a case, the "fraudulently-joined" defendant is disregarded for jurisdictional purposes. Id.

Proving fraudulent joinder is not an easy task. It "must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). "[A]ll disputed questions of fact and all ambiguities in the controlling state law are [to be] resolved in plaintiff's favor." Calero v. Unisys Corp., 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). If after doing so, "there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants the court must remand." Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002).

Furthermore, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011). "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Id. (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 U.S. Dist. LEXIS 52437, at *4, 2006 WL 2038040 (N.D. Cal. Jul. 19, 2006).

Here, Defendants believe Taylor is a "sham" defendant because (1) all of Borgman's causes of action, no matter who they are asserted against, are barred by res judicata and (2) the California Labor Code does not allow for individual liability in this context. These arguments fail to satisfy Defendants' significant burden as there appears a "non-fanciful possibility" that Borgman has stated or can state a claim against Taylor.

To begin, Defendants' contention that *all* of Borgman's common law tort claims against Taylor, particularly those asserting fraud and misrepresentation, are precluded under what they term the "new right-exclusive remedy" doctrine is unpersuasive. See Grodensky v. Artichoke Joe's Casino, 171 Cal. App. 4th 1399, 1454 (2009). Similarly, it is entirely possible that Taylor's personal liability for tort claims will not be precluded by res judicata since she was not a party to the first action. See Planning & Conservation League v. Castaic Lake Water Agency, 180 Cal. App. 4th 210,

6
CASE NO. 5:12-cv-06352 EJD
ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND; DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS AND STRIKE

229-30 (2009) (stating that determination of privity for res judicata depends turns on issues of fairness as well as a "close examination of the circumstances of each case.").[4]

Furthermore, Defendants have not foreclosed the possibility of a claim under California Labor Code § 558 against Taylor. As this court has previously explained: "Section 558 of the California Labor Code confers liability for violations of the subsequent code provisions on '[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission . . . .'" Ramirez v. HMS Host USA, Inc., No. 5:12-CV-04683 EJD, 2012 U.S. Dist. LEXIS 170676, at *7, 2012 WL 6000565 (N.D. Cal. Nov. 30, 2012) (quoting Cal. Lab. Code § 558(a)). Since Borgman has asserted all of the current Labor Code violations against Taylor, and considering California courts liberally allow amendments to pleadings, it may be that Borgman will be given leave to add a claim under Labor Code § 558. See Berman v. Bromberg, 56 Cal. App. 4th 936, 945 (1997) (recognizing the policy of "great liberality" which applies to allowing amendments to pleadings). For these reasons, Defendants have not met their burden to show "a near certainty" that Taylor's joinder as a defendant in this action was fraudulent. Diaz v. Allstate Ins. Grp., 185 F.R.D. 581, 586 (C.D. Cal. 1998). Accordingly, Borgman's Motion to Remand will also be granted.

### C. Fee and Sanctions Requests

Borgman and O'Connell have each requested an award of fees pursuant to 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Since "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources," requiring the payment of fees and costs is appropriate where "the removing party lacked an

---

[4] Although the elements are not much different, this court looks to California's version of res judicata rather than the federal version argued by Defendants "because a federal court sitting in diversity must apply the res judicata law of the state in which it sits." Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982).

objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 140-41 (2005). The Ninth Circuit has explained that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F. 3d 1062, 1065 (9th Cir. 2008). Instead, the objective reasonableness of a removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. Id. at 1066-67.

Here, the court does not find the applicable law so clear as to foreclose the removal. Resolving the question of which pleading governs O'Connell's claims required careful analysis and consideration. In addition, Defendants' argument concerning fraudulent joinder was not completely unjustified. Defendants did have an arguable basis for opposing the motions to remand, even if they ultimately did not prevail. Thus, the requests for fees are denied.[5]

## IV. ORDER

Based on the foregoing, the Motions to Remand (Docket Item Nos. 26, 27) are GRANTED. The Motion to Dismiss (Docket Item No. 11) is DENIED AS MOOT.

The clerk shall remand this action to Santa Clara County Superior Court and close this file.

**IT IS SO ORDERED.**

Dated: April 8, 2013

EDWARD J. DAVILA
United States District Judge

---

[5] Borgman's request for sanctions under Federal Rule of Civil Procedure 11 is denied based on the same reasoning.